334 A.2d 261

COMMONWEALTH of Pennsylvania

v.

James TAYLOR, a/k/a Alonzo Robinson, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 18, 1974.

Decided March 18, 1975.

F. Emmett Fitzpatrick, Jr., Joseph Michael Smith, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, James Taylor, a/k/a Alonzo Robinson was adjudged guilty by a jury of aggravated robbery, assault with intent to kill, wantonly pointing a firearm, carrying concealed deadly weapons, and a violation of the Uniform Firearms Act. Post-trial motions in arrest of judgment and for a new trial were filed and on the basis of two references during trial to "photographs" of appellant, the trial court granted appellant's motion for a new trial. The Superior Court reversed the grant of a new trial, holding that the error (testimony referring to photographs of appellant) was harmless. *Commonwealth v. Robinson,* 221 Pa.Super. 167, 288 A.2d 921 (1972). This Court denied allocatur on June 5, 1972. Appellant, on remand, was then sentenced on July 7, 1972, to a four to ten year term of imprisonment. The Superior Court affirmed (obviously on the basis of its prior decision) in an opinionless per curiam order. *Commonwealth v. Taylor,* 223 Pa.Super. 726, 296 A.2d 60 (1972). We granted allocatur.

The principal issue involved in the instant appeal is whether references by the prosecution (in its opening address) and a victim (on cross-examination) to police photographs was sufficiently prejudicial to warrant the grant of a new trial.[1] Specifically, appellant argues that he is entitled to a new trial on the basis of *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 377 (1972).

During trial, there were two specific photographic references. In his opening address to the jury, the Assistant District Attorney stated:

"Now it just so happened that Mr. Watts had seen the defendant on other occasions and Watts also happened

---

1. In both instances, at side bar, defense counsel objected and asked for a mistrial.

to be an off-duty police officer and he knew his name. So he supplied the police with the name of the defendant.

Anyway, at this point the police had been supplied with the name of the defendant. *They know who they are looking for. Now Officer Burns recognizes the defendant, he's been carrying his picture around with him and knows that he's wanted in connection with this tap room robbery."* (Emphasis added).

The other reference was on cross-examination of Mr. Watts (the victim) and was as follows:

"By Mr. Fitzpatrick (counsel for defendant)

Q. Officer Watts, you said that the interview took place inside your home at approximately what time?

A. Approximately 11:00 o'clock I would imagine.

Q. Are you sure it didn't take place inside the 35th District at 11:00 o'clock?

A. That's correct. I was at the District during the interview and at home when he brought back photos. *He brought the photos to me to look at and identified the defendant from the photos.* (The reference to the 'he' brought the photos for Officer Watts to look at was to the detective assigned to the case.)" (Emphasis added).

As this Court recently held in *Commonwealth v. Allen, supra* at 181–82, 292 A.2d at 375:

"[A]fter a reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. * * * * once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed."

From the two statements made at trial (referring to photographs of appellant), we conclude that "a juror

**620**

could reasonably infer . . . that the accused had engaged in prior criminal activity." At trial, the Commonwealth *made no attempt to explain* that police possession of appellant's photograph was ". . . unrelated to any . . . prior criminal activity." *Commonwealth v. Allen, supra* at 181, 292 A.2d at 375. As mandated by *Commonwealth v. Allen, supra,* appellant is entitled to relief.

The judgment of sentence is reversed and a new trial awarded.

JONES, C. J., and POMEROY, J., concur in the result.