397 A.2d 807

COMMONWEALTH of Pennsylvania

v.

Jerry JACKSON, Appellant.

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Feb. 7, 1979.

Bernard Rubb, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

Following a jury trial appellant was found guilty of robbery. Post-trial motions were denied and a sentence of two to four years' imprisonment was imposed. This appeal followed.

Appellant argues the lower court erred in failing to grant a mistrial after a Commonwealth witness, while testifying on rebuttal, referred to "pictures" of the appellant. It is contended that the witness's reference to "pictures" conveyed to the jury the fact that appellant had engaged in prior criminal activity.

The comment at issue occurred when Officer Emery Doaks, testifying on direct, stated as follows:

"Q. Now in reference to the police procedure of Number 2, just in reference to Jerry Jackson. When was the warrant issued for his arrest?

A. The following morning after the alleged occurrence took place.

Q. And what publicity would be given to that warrant to the men who work at Number 2 Police Station?

A. The warrant was run off on a copy machine, a copy of the warrant was put on a bulletin board, accompanied by two *pictures* of the individuals, names on the warrant were placed on the *bulletin board* at the station." (Emphasis added.)

The seminal decision on the subject of testimonial references which may suggest prior unrelated criminal activity on the part of the accused is *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). In *Allen*, which involved a reference to a photograph of the defendant in the possession of the police, the Court stated in pertinent part:

"The suggestion that any reference to a defendant's photograph is so prejudicial that an inflexible rule of reversal must apply is explicitly rejected. We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference; . . ." *Id.*, 448 Pa. at 181, 292 A.2d at 375.

Instantly, we are constrained to conclude that, given the context in which the complained of remark occurred, "a juror could reasonably infer . . . that the accused had engaged in prior criminal activity." *Id.*; *Commonwealth v. Taylor*, 460 Pa. 616, 334 A.2d 261 (1975). Although the pictures were never identified or characterized as "mug shots," the fact that Officer Doaks testified that the pictures appeared on the station house bulletin board (along with copies of the arrest warrant) as recently as the morning after the robbery, would reasonably suggest that the police obtained the photographs as a result of appellant's prior criminal activity. In other words, there was a sufficient nexus between the pictures and a police source to warrant a reasonable inference of prior criminal activity. Cf. *Commonwealth v. Carlos*, 462 Pa. 262, 341 A.2d 71 (1975); See also *Commonwealth v. Wilson*, 238 Pa.Super. 340, 357 A.2d 163 (1976). This conclusion is fortified by the fact that "[a]t trial, the Commonwealth made no *attempt to explain* that police possession of appellant's photograph was '. . . unrelated to any . . . prior criminal activity.'" *Commonwealth v. Taylor*, supra 460 Pa. at 620, 334 A.2d at 262–263, quoting *Commonwealth v. Allen*, supra 448 Pa. at 181, 292 A.2d 373. See, e. g., *Commonwealth v. McFadden*, 464 Pa. 265, 346 A.2d 550 (1975).

Although we have concluded that, under the particular circumstances of this case, the reference to "pictures" war-

ranted a reasonable inference of prior criminal activity, we nevertheless agree with the Commonwealth's alternative position that the error was harmless beyond a reasonable doubt. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978). As we stated in *Commonwealth v. Thomas*, 229 Pa.Super. 116, 120–21, 324 A.2d 527, 529 (1974), where we found a reference to "mug shots" harmless error:

> " 'We cannot equate the improper introduction of a photograph or a reference thereto with those violations, such as lack of counsel, coerced confession, or a [prejudiced] judge, that obviously destroy the trial's fact-finding reliability so that an automatic reversal is required. If, in a particular case, the record raises no reasonable doubt that the improper introduction of a photograph or a reference thereto did not influence the jury's verdict of guilt, the defendant is not entitled to a new trial.' " (Footnote omitted.)

Quoting from *Commonwealth v. Robinson*, 221 Pa.Super. 167, 172, 288 A.2d 921 (1972). More recently, in *Commonwealth v. Story*, supra 476 Pa. at 409, 383 A.2d at 164, our Supreme Court explained that ". . . an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a ' "reasonable possibility" ' that an error ' "might have contributed to the conviction," ' the error is not harmless." (Citations omitted.)

Instantly, upon review of the record we are convinced beyond a reasonable doubt that the error at issue did not contribute to appellant's conviction. The Commonwealth's evidence established that on May 4, 1976, at approximately 1:30 A.M., Edward Ellis and John Smith had just left a pool room in Pittsburgh when they were approached by two unknown men whom they had previously noticed standing in the exit to the pool hall. One of the two men then placed a gun at Mr. Ellis' neck and demanded money. After the gunman's accomplice removed over $1,500 from Ellis' person, the two robbers fled. Throughout the hold-up both robbers were in open view of Ellis and Smith. Based upon the descriptions furnished by Ellis and Smith, the police promptly issued arrest warrants for appellant and one Charley

Williams. At trial, both Ellis and Smith positively and unequivocally identified appellant as to the gunman and Williams as his accomplice.

Given this overwhelming evidence of guilt,[*] we are convinced beyond a reasonable doubt that the solitary, improper reference could not have contributed to appellant's conviction and was, therefore, harmless error. *Commonwealth v. Story*, supra.

Judgment of sentence affirmed.

PRICE and SPAETH, JJ., concur in the result.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

[*] Indeed the Commonwealth viewed its case as so strong that no attempt was made to introduce any out-of-court photographic identifications. Moreover, at the commencement of trial the prosecutor informed the Court and defense counsel that he had instructed the witnesses not to mention photographs in their testimony.