624

435 A.2d 179

COMMONWEALTH of Pennsylvania,

v.

James INGE, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1981.

Decided Oct. 16, 1981.

Joel Harvey Slomsky, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Maureen Brennan, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

OPINION

PER CURIAM.

Order affirmed.

ROBERTS, J., filed a dissenting opinion in which O'BRIEN, C. J., joined.

ROBERTS, Justice, dissenting.

I dissent from this Court's per curiam affirmance of the order of the PCHA court. On this petition for post-conviction relief, appellant alleges that his trial counsel was ineffective for eliciting on cross-examination of two Commonwealth witnesses that these two witnesses had previously

identified appellant from photographs shown to them by police. Appellant contends that he was deprived of a fair trial because the jury could reasonably have inferred from this testimony that appellant had engaged in prior criminal activity.

Contrary to the finding of the PCHA court, this issue has not previously been litigated. Although trial counsel, in representing appellant on direct appeal from judgment of sentence, challenged the admissibility of this cross-examination testimony, he did not challenge his own ineffectiveness for having introduced this testimony into evidence. *Commonwealth v. Inge*, 467 Pa. 323, 356 A.2d 771 (1976). Thus, the issue of ineffective assistance of trial counsel has not been previously, or finally, litigated. Indeed, because trial counsel could not reasonably have been expected to raise his own ineffectiveness on direct appeal, appellant's first opportunity to raise the ineffectiveness of trial counsel was in this PCHA proceeding. Thus, the PCHA court erred in failing to address the merits of appellant's PCHA claim. *Commonwealth v. Hare*, 486 Pa. 123, 404 A.2d 388 (1979); *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

No reasonable basis for introducing prior identification testimony of the Commonwealth witnesses was advanced by appellant's trial counsel at the evidentiary hearing which was conducted by the PCHA court. Indeed, trial counsel stated that he did not know what the witnesses would answer to his questions, but that, even so, he pursued the line of questioning regarding prior identification in order to impeach the witnesses' credibility. However, trial counsel in no respect established either at trial or at the PCHA evidentiary hearing, how such testimony was relevant for the purpose of impeachment. Further, even the Commonwealth's brief acknowledges that at the preliminary hearing it was established that at least one of the witnesses had previously identified appellant from a photo spread. Clear-

ly, trial counsel's elicitation of identification testimony which he should have known would be prejudicial to his client did not have a reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

In granting a new trial because of erroneously admitted photographic identification evidence, this Court has stated:

"We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity.

.    .    .    .    .

Recognizing the prejudicial effect of such evidence, there is no justification for indirectly allowing the introduction of prior criminal activity by reference to photographs of the accused. Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed."

*Commonwealth v. Allen,* 448 Pa. 177, 181–82, 292 A.2d 373, 375 (1972). Accord, e. g., *Commonwealth v. Taylor,* 460 Pa. 616, 334 A.2d 261 (1975). Here, from defense counsel's persistent questioning of two separate witnesses with regard to their identification of appellant from police photographs, the jury could reasonably have inferred that appellant had engaged in prior criminal activity.

Whether prejudicial photographic identification testimony is impermissibly introduced through the prosecutor, as in *Commonwealth v. Allen,* supra, or through ineffective defense counsel, as here, a defendant who raises such a claim in a timely manner must be granted relief because he has been denied a fair trial.

Judgment of sentence should be reversed and a new trial granted.

O'BRIEN, C. J., joins in this dissenting opinion.