J-S46035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES INGE, | : | |
| | : | |
| Appellant. | : | No. 3980 EDA 2017 |

Appeal from the PCRA Order, November 3, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0902201-1973.

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 10, 2018**

James Inge appeals from the order denying his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as follows: On April 3, 1974, a jury convicted Inge of first-degree murder and robbery. At the time of the victim's murder, Inge claims he was nineteen years old.[1] On January 9, 1975, the trial court sentenced him to an aggregate term of life in prison without the possibility of parole. Inge filed an appeal to

_____

[1] The Commonwealth disputes Inge's statement that his birthday is in March 1953, and refers to electronic records from the case which indicate that his birthday is in March 1950. **See** Commonwealth's Brief at 2. As shall be discussed below, this discrepancy does not affect our conclusion that Inge is not entitled to post-conviction relief.

our Supreme Court and, on May 12, 1976, the Court affirmed his judgment of sentence.  ***Commonwealth v. Inge***, 356 A.2d 771 (Pa. 1976).  Inge did not seek further review.

Inge filed a petition for relief under the former Post Conviction Hearing Act in 1978, the trial court denied the petition, and our Supreme Court affirmed the denial of post-conviction relief on October 16, 1981. ***Commonwealth v. Inge***, 435 A.2d 179 (Pa. 1981).

On August 21, 2012, Inge filed the PCRA at issue, his second, seeking relief pursuant to the United States Supreme Court's recent decision in ***Miller v. Alabama***, 567 U.S. 460 (2012).  On July 24, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Inge's petition without a hearing.[2] Inge filed his response on August 1, 2017. By order entered November 3, 2017, the PCRA court denied Inge's petition as untimely.  This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Inge raises the following issues:

> I.    Did the PCRA court err in rejecting [Inge's] claim that ***Miller v. Alabama***'s constitutional requirement of consideration of age-related factors prior to imposing life without parole sentences applies to [Inge] who [possessed] those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?

---

[2] It is not clear from the record why an almost five-year delay occurred between the time Inge filed his second petition and the PCRA court issued its Rule 907 notice.

> II. Did the PCRA court err in rejecting [Inge's] claim that Pennsylvania law permitting mandatory sentences of life without parole for crimes committed by 19 year-olds lacks a rationale [basis] in light of **Miller**'s prohibition against such sentences for [offenders] aged 17 and younger and therefore violates the equal protection clauses of the United States and Pennsylvania Constitutions?
>
> III. Did the PCRA court abuse its discretion in failing to hold an evidentiary hearing where [Inge] had raised issues of material fact that entitle him to relief?

Inge's Brief at 4 (excess capitalization omitted).[3]

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

---

[3] In a letter received by this Court on July 23, 2018, Inge stated that he wished to "waive" his second issue. In addition, we reject Inge's assertion that, because he is proceeding *pro se*, we apply a "less stringent standard." Inge's Brief at 2. **See generally Commonwealth v. Freeland**, 106 A.2d 768 (Pa. Super. 2014)

Before addressing the issues raised by Inge, we must first determine whether the PCRA court correctly concluded that Inge's PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[4] 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Inge's judgment of sentence became final over thirty years ago. As Inge filed the instant petition in 2012, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, *supra*.

Inge has failed to establish any exception to the PCRA's time bar. He asserts that the PCRA court erred in denying him post-conviction relief because he had satisfied the "newly-established constitutional right" exception pursuant to the United States Supreme Court's opinion in **Miller v. Alabama**, *supra*. As acknowledged by Inge, the high court in **Miller** held that a statute requiring a mandatory life sentence without possibility of parole for a **juvenile** convicted of first or second-degree murder violates the Eighth Amendment's prohibition against cruel and unusual punishment. Our review of the record in this case, however, supports the PCRA court's conclusion that **Miller** is inapplicable to Inge because he was over the age of eighteen at the time he committed the murder. **See** PCRA Court Opinion, 11/28/17, at 1.

Moreover, although Inge presents a lengthy discussion claiming that he was "developmentally an adolescent," **See** Inge's Brief at 11-37, to date

Pennsylvania precedent has rejected this argument as an unwarranted extension of **Miller**.[5]  **See Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting petitioner's claim that, based upon "neuroscientific theories regarding immature brain development, he was a "technical juvenile").  As this Court recognized in **Furgess**, "[a] contention that a newly-recognized constitutional right **should** be extended to other[s] does not render [a] petition [seeking such an expansion of the right] timely pursuant to Section 9545(b)(1)(iii).  **Id.** (citing **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013).[6]

In sum, because Inge was at least nineteen years old when he committed the murder, the PCRA court correctly concluded that he could not meet the "new constitutional right" exception to the PCRA's time bar.  Thus, it lacked jurisdiction to consider Inge's claims, and we affirm the order denying post-conviction relief.

---

[5] Inge attaches an *amicus curiae* brief filed in another case to support his assertion that "there is a very clear national consensus trending toward restricting mandatory life without [parole] sentences, especially in the case where defendants are eighteen (18) and nineteen year olds [adolescents]." Inge's Reply Brief at 1.  As this is not proper material for a reply brief, we will not consider it.  **See** Pa.R.A.P. 2113 ("the appellant may file a brief in reply to matters raised by appellee's brief . . . No further briefs may be filed except with leave of court").

[6] Inge argues that **Cintora** and **Furgess** should be overruled.  Inge's Brief at 11.  We disagree.  Moreover, even if we were to agree with Inge, as a three-member panel, we are unable to do so.  **See Commonwealth v. Taggert**, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010) (noting that one three-judge Superior Court panel cannot overrule another panel).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18