## Commonwealth *v.* Allen, Appellant.

Argued March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David N. Savitt,* with him *John Patrick Walsh,* and *Walsh & Savitt,* for appellant.

*Robert C. Spitzer,* Assistant District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 21, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

The instant case is practically identical with *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969). In that case, this Court ordered a new trial for appellant because the Commonwealth's chief witness had testified over objection that she had identified appellant by viewing photographs displayed to her by the police. This reference to "police photographs" was held impermissible because it indicated that the accused was guilty of the commission of crimes other than the offense for which he was on trial. *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967); *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968).

Acknowledging that there are cases in which the relevance of such testimony to establish identity may outweigh the prejudice involved, the *Bruno* court nevertheless concluded that the reference to the photographs was of "little relevance" because the Commonwealth's witness was positive in her identification, had a clear view of appellant, and testified that she had identified appellant from a group of photographs in her *direct* testimony when her in-court identification was still unshaken by any cross-examination.

Similarly, in the instant case, the *three* witnesses for the Commonwealth were positive in their identification, allegedly viewed appellant at close distance under ideal lighting conditions, permissibly testified that they had picked him out of a lineup, referred to the photographs in their direct testimony, and were left unshaken after cross-examination, despite defense coun-

sel's best efforts.[1]   Thus I cannot accept the lower court's conclusion that the Commonwealth's need for this testimony to meet the burden of proof on the issue of identity outweighed its prejudicial effects.

The Commonwealth also argues that appellant was not prejudiced by the testimony because he testified himself and the Commonwealth could have introduced the record of any prior convictions he had into evidence to impeach his testimony.   See, e.g., *Commonwealth v. McIntyre,* 417 Pa. 415, 208 A. 2d 257 (1965).   This Court rejected a similar argument in *Commonwealth v. Trowery,* supra, at 175.   Appellant may have been forced to testify in order to rebut unfair inferences arising from the Commonwealth's illegally admitted evidence, and any evidence of a criminal record which the Commonwealth could have introduced would have had to go to the jury with a carefully worded charge instructing the jurors that they could only consider it in determining appellant's credibility.

I would grant appellant a new trial.

HOFFMAN, J., joins in this dissenting opinion.

---

[1] The Commonwealth concedes in its brief that: "These mentions of photographs were made after there had been clear and precise identification of defendant as one of the robbers."