Commonwealth *v.* Allen, Appellant.

Argued May 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*David N. Savitt,* with him *John Patrick Walsh,* and *Walsh & Savitt,* for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, June 28, 1972:

In March of 1966, appellant, Donald Edward Allen, was arrested and charged with aggravated robbery. Following his conviction by a jury, Allen appealed to the Superior Court which reversed the judgment and remanded the case for a new trial. *Commonwealth v. Allen,* 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968). Appellant was subsequently retried and on March 24, 1969, the jury returned a verdict of guilty to the charge of aggravated robbery. Appellant then filed a motion for a new trial which was dismissed, and the Superior Court affirmed the judgment of sentence, *per curiam. Commonwealth v. Allen,* 220 Pa. Superior Ct. 44, 281 A. 2d 706 (1971) (SPAULDING and HOFFMAN, JJ., dissenting). We granted allocatur.

On this appeal appellant's primary contention is that reversible error was committed when, over timely objection, the trial court permitted several of the Commonwealth's witnesses to make references to the fact that the police had shown photographs of the appellant to the alleged eyewitnesses. Specifically, it is argued that this testimony allowed the jury to infer that the appellant had a prior criminal record. Appellant also alleges error in the trial court's denial of his motions for the production and examination of the police reports which contained the results of interviews with the Commonwealth's witnesses who testified at trial. Since we find the references to the photographs sufficiently prejudicial to warrant a new trial, we will deal exclusively with that issue.

With respect to prejudice resulting from the introduction of photographs of a defendant, the law has long been that before a new trial is to be granted an examination of the record and the particular circumstances of the case must reveal that the jury was prejudiced against the defendant because of the photographic

reference. See *Commonwealth v. Luccitti*, 295 Pa. 190, 145 A. 85 (1928). Recently, however, due to certain decisions of the Superior Court, a controversy has arisen over this long-standing rule.[1] On four occasions the Superior Court apparently expanded the established Pennsylvania law and reversed convictions because of references to police photographs. The law as it has developed from these decisions can be interpreted to suggest that any reference to a photograph of defendant in police possession requires the granting of a new trial. See *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969); *Commonwealth v. Jamison*, 215 Pa. Superior Ct. 379, 258 A. 2d 529 (1969); *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968); *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

In particular, *Commonwealth v. Bruno, supra,* the last decision in this line of reversals, specifically held that in view of the victim's positive in-court identification of the defendant, not weakened by cross-examination, the reference to photographic identification was irrelevant, and because of the possible prejudice arising from the reference, a new trial was required. 215 Pa. Superior Ct. at 410-11, 258 A. 2d at 668. Even though this holding seems to imply that as a matter of law mere reference to a police photograph will disable the jury from presuming the defendant's innocence, the Superior Court has since rejected the contention that prejudice automatically follows after reference to a police photograph and concluded that the entire record must be studied in order to determine whether, in light of all the evidence, prejudice against the defendant did

---

[1] Apparently, as the case law evolved whether or not the photograph was introduced into evidence was not controlling. It was but one of the factors considered in determining whether prejudice existed.

in fact exist. *Commonwealth v. Taylor*, 219 Pa. Superior Ct. 346, 279 A. 2d 339 (1971).

Due to the apparent inconsistencies which have resulted from these Superior Court decisions we find it necessary to clarify the law in this area. The suggestion that any reference to a defendant's photograph is so prejudicial that an inflexible rule of reversal must apply is explicitly rejected. We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference; so too, where it appears on the face of the record that there is an explanation of the police possession of the photograph unrelated to any inference of prior criminal activity. Thus, testimony suggesting that the photograph was secured from a school yearbook or from the possession of acquaintances of the defendant illustrates situations where the suspect is not prejudiced by the photographic reference.

It is a fundamental precept of the common law that the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge.[2] It has been

---

[2] There are certain limited exceptions to this general rule, none of which are applicable here. For example, evidence of a different crime can be introduced to prove a common scheme or design. See, e.g., *Commonwealth v. Wable*, 382 Pa. 80, 114 A. 2d 334 (1955). It is likewise permissible in some instances to impeach credibility by proof of a prior criminal record. See, e.g., *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A. 2d 257 (1965). After a verdict of guilty of murder in the first degree, evidence of the commission of other crimes is admissible as an aid to the jury in fixing the penalty.

succinctly stated that "[t]he purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence." *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 173-74, 235 A. 2d 171, 172 (1967). Recognizing the prejudicial effect of such evidence, there is no justification for indirectly allowing the introduction of prior criminal activity by reference to photographs of the accused. Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed.

In *Commonwealth v. Luccitti, supra,* this court upheld the offer of photographs of the defendant in police possession to show a change in appearance. This photographic reference was permitted because of the court's determination that there was nothing that should reasonably suggest to a jury that the photographs were obtained by police officials as a result of the defendant's prior criminal activity.

After applying this rationale to the case before us we must conclude that the testimony elicited by the Commonwealth from five different witnesses concerning appellant's identification by police photographs was prejudicial error. Certainly, the constant mention of

See, e.g., *United States ex rel. Bolish v. Maroney*, 409 F. 2d 1404 (3d Cir. 1969), *cert. denied*, 396 U.S. 893 (1969) and *Commonwealth v. Bell*, 417 Pa. 291, 208 A. 2d 465 (1965). See also, Note, "Use of Prior Crimes To Affect Credibility And Penalty in Pennsylvania", 113 U. Pa. L. Rev. 382 (1965).

photographs during direct examination permitted the jury to infer that the appellant had a prior criminal record.[3] The prejudice thus created requires that the conviction be set aside and that a new trial be granted.

We are not persuaded by the Commonwealth's argument that appellant was not prejudiced by the references to photographs because he testified himself and therefore the Commonwealth could have introduced into evidence the record of any prior convictions to impeach his testimony. The prejudicial evidence had already been admitted and, as the dissent in the court below ably points out, it is quite likely that the "[a]ppellant may have been forced to testify in order to rebut unfair inferences arising from the Commonwealth's illegally admitted evidence, and any evidence of a criminal record which the Commonwealth could have introduced would have had to go to the jury with a carefully worded charge instructing the jurors that they could only consider it in determining appellant's credibility." *Commonwealth v. Allen,* 220 Pa. Superior Ct. 44, 46, 281 A. 2d 706, 707 (1971) (dissenting opinion).

It is also argued that the Commonwealth's need for this testimony to meet the burden of proof on the issue of identity outweighed any prejudice which may have resulted. We reject this contention. The rationale behind our holding, which recognized the highly prejudicial and unfair nature of such evidence, precludes the utilization of this balancing technique. The fact that a reasonable inference of a prior criminal record is present in the minds of the jurors in and of itself mandates a new trial.

---

[3] An examination of the record discloses clearly that the photographs were in the possession of the police. Furthermore, there is no reasonable explanation as to how the police obtained defendant's photographs other than through his prior criminal conduct.

The order of the Superior Court, affirming the judgment of sentence of the Court of Oyer and Terminer of Dauphin County, is reversed and a new trial granted.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.