## Commonwealth *v.* Turner, Appellant.

Argued November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, and PACKEL, JJ. (CERCONE, J., absent).

*J. Graham Sale, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1972:

The six Judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

———

DISSENTING OPINION BY PACKEL, J.:

The court below held that the police officer's reference at trial to photographs "in the robbery Section,"

used for identification of the defendant, was harmless error because of the overwhelming evidence of defendant's guilt. Many reasons suggest themselves why the identification evidence was not overwhelming: the two identifying witnesses gave a description of 5'9" and 165-175 lbs., whereas the defendant was 6'1" and 220 lbs.; one said the defendant was pockmarked and the other testified she didn't notice pockmarks; and one witness had glaucoma, and the other witness' identification at the preliminary hearing was weak, but became more certain at trial.

Mr. Justice NIX in a very recent opinion, in *Commonwealth v. Allen,* 448 Pa. 177, 181-82, 292 A. 2d 373, 375 (1972) pointed out the need to clarify the law in this area, and then set forth the rule to be applied, expressly holding that its violation was fundamental error:

"We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. . . .

". . . Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed." Thus, the determination that a juror could reasonably infer prior criminal activity brings into play the *per se* rule to grant a new trial to enforce the fundamental common law protection against the improper use of evidence of unrelated crimes.

The Commonwealth raises the additional point that the defendant had testified, and in conjunction therewith, evidence was properly submitted showing two prior convictions for burglary. This point, which had been the subject of differences of opinion, was also settled in *Allen* by the following (448 Pa. at 183, 292 A.

2d at 376) : "We are not persuaded by the Commonwealth's argument that appellant was not prejudiced by the references to photographs because he testified himself and therefore the Commonwealth could have introduced into evidence the record of any prior convictions to impeach his testimony. The prejudicial evidence had already been admitted and, as the dissent in the court below ably points out, it is quite likely that the '[a]ppellant may have been forced to testify in order to rebut unfair inferences arising from the Commonwealth's illegally admitted evidence, and any evidence of a criminal record which the Commonwealth could have introduced would have had to go to the jury with a carefully worded charge instructing the jurors that they could only consider it in determining appellant's credibility.' "

The judgment of sentence should be reversed and a new trial granted.

HOFFMAN and SPAULDING, JJ., join in this dissenting opinion.