Commonwealth *v*. Shantz, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bernard M. Berman,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that testimonial references to "mug shots" and to "another charge" constitute reversible error under the authority of *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972).

Appellant was arrested on June 13, 1973, on a charge of forcible rape which occurred on October 24, 1972, and was brought to trial before a jury on December 5, 1973. The Commonwealth's evidence consisted in large part of the testimony of the complaining witness, Joy DePue. In addition to relating the details of the rape, the victim testified that she identified a picture of appellant as that of her assailant from a photographic array of eight snapshots. On redirect examination, the Assistant District Attorney questioned the victim as follows:

"Q. What did I tell you, when I talked to you?

"A. When?

"Q. Yesterday, or today.

"A. You just told me that: Not to use the mug shots.

"Q. Not to use what?

"A. Mug shots."

Defense counsel immediately moved for a mistrial, but the trial court denied the motion. In so doing, the court stated: ". . . I very much regret that this has happened, because we are in a dangerous area. And it is additionally regrettable because the photographs, which I viewed yesterday, at the suppression hearing, are, indeed not mug shots; nor is there any suggestion about them that they are. And they represent a very high quality, in my opinion, of a photographic lineup with a remarkable similarity among the eight individuals pictured."

The Commonwealth subsequently called Trooper Murphy, the investigating officer, to the stand. He testified that when appellant was brought to the police barracks on June 13, 1973, he voluntarily consented to have his photograph taken, and further agreed that the police could show the photograph to Joy DePue. Trooper Murphy stated that prior to this time, the police were not in possession of any photograph of appellant. The photographs used in the array were admitted into evidence and shown to each juror individually.

As appellant admits, the rationale behind the doctrine announced in, *Commonwealth v. Allen,* supra, is that prejudice can result from a reference to an accused's prior criminal activity. It is equally clear, however, that *Allen* did not create a prophylactic rule: "The suggestion that any reference to a defendant's photograph is so prejudicial that an inflexible rule of reversal must apply is explicitly rejected. We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which

a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference; *so too, where it appears on the face of the record that there is an explanation of the police possession of the photograph unrelated to any inference of prior criminal activity.*" 448 Pa. at 181, 292 A.2d at 375. (Emphasis added).

In the instant case, an explanation of the police possession of appellant's photograph appears on the face of the record. The jury could not reasonably infer that appellant had engaged in prior criminal activity merely because he had consented to have his picture taken. This conclusion is buttressed by the facts that the jurors viewed all eight photographs used in the array, and the appellant concedes that the photographs were in fact not mug shots. Thus, the instant case is unlike *Commonwealth v. Taylor*, 460 Pa. 616, 620, 334 A.2d 261, 262-63 (1975), where ". . . the Commonwealth *made no attempt to explain* that police possession of appellant's photograph was '. . . unrelated to any . . . prior criminal activity.' . . ." (Emphasis in original). Consequently, the reference to "mug shots" did not create sufficient prejudice to warrant a new trial.

Appellant next contends that a reference by Trooper Murphy to "another charge" requires reversal, again under an *Allen* rationale. On cross-examination, defense counsel and Trooper Murphy engaged in the following colloquy:

"Q. You testified that Mr. Shantz consented to having his photograph taken. Did he also consent to have the photographs shown to Joy DePue?

"A. Yes.

"Q. You had discussed with him you wanted to show the photographs to Joy DePue before you actually did show the photographs?

"A. We discussed with him we wanted to use the photographs for the purpose of identification.

"Q. And was that discussion in connection with this rape charge? Was it specifically referred to?

"A. There was another charge it was specifically referred to.

"Q. Trooper, you are not responsive to my question. Was it specifically referred to this one?

"A. Yes, he was asked a second time . . . if he could be photographed; and this specific charge was referred to. He did consent." Following the close of testimony on that day, defense counsel moved for a mistrial, which was denied. The following morning, out of the presence of the jury, the Assistant District Attorney offered to recall Trooper Murphy to state that appellant had been completely exonerated of the "other charge." Defense counsel refused the offer, deciding it was better strategy not to raise the issue a second time.

Under these circumstances, it is difficult for appellant to complain. The trooper's reference to "another charge" was a fair response to a question propounded by appellant's counsel. In his brief, appellant argues that the questions were necessary because Trooper Murphy was reluctant to testify that appellant had voluntarily agreed to have his photograph taken and shown to Miss DePue. The record clearly indicates, however, that Trooper Murphy acknowledged appellant's consent in the very first question asked him on cross-examination. Any prejudice created is not attributable to the Commonwealth, and is not sufficient to require a new trial.[1]

Judgment of sentence is affirmed.

---

1. Appellant also contends that the trial court erred in failing to instruct the jury on identification of strangers. At the close of its charge, the court asked if there were any suggestions, additions, or corrections by counsel. Defense counsel stated: "I'm wondering if you want to add a Charge on identification of strangers." In response to the court's "No", defense counsel answered "Fine." This hardly amounts to the specific exception required by Rule 1119(b), Pa. R. Crim. P. Therefore, the issue was waived.