J-S40039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 1386 EDA 2019 |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000373-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2019 |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000379-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MACEO EMERSON WARING | : | |
| | : | |
| Appellant | : | No. 1388 EDA 2019 |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000380-2013

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                        **FILED OCTOBER 6, 2020**

Appellant, Maceo Emerson Waring, appeals from orders of the Court of Common Pleas of Philadelphia County (trial court) in three criminal cases dismissing his Post Conviction Relief Act (PCRA)[1] petitions without a hearing. After careful review, we affirm.

These cases arose from the fatal shooting of Naeem Giles (Victim) on September 10, 2012 in Philadelphia and Appellant's struggle with two police officers who arrested him for that crime on September 28, 2012.  On December 16, 2014, Appellant was convicted by a jury of first-degree murder, carrying a firearm without a license, possession of an instrument of crime, and two counts of aggravated assault on a police officer.

At Appellant's trial, three eyewitnesses to the shooting, two of whom knew Appellant, identified Appellant as the person who shot Victim.  James Burton, who knew Appellant since middle school, testified that he and Appellant were together near the corner where the shooting occurred, that Appellant said he wanted to get his gun "because I don't know these guys" who were at the corner, and that Appellant got a .45 caliber Glock from the house they were visiting.  N.T., Trial, 12/9/14, at 63-64, 69-81.  Burton

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

testified that after Appellant got the gun, he and Appellant were down at the corner where Victim and several other people were standing, that they exchanged words with Victim and another person who was with Victim, and that Burton and Victim were going to fight. *Id.* at 86-99, 132-41. Burton testified that Appellant then hit Victim in the head with his gun and shot Victim twice, and that after Victim fell, Appellant walked up and stood over Victim and shot Victim several more times from close range. *Id.* at 99-107, 145. Burton also testified that after the shooting, Appellant left the gun with Allen Young at the house they had visited. *Id.* at 108-10, 147.

The half-sister of three girls who lived in that house, who knew both Burton and Appellant and was present when the shooting occurred, testified that Burton and Appellant were arguing with Victim, that she saw Burton hit Victim in the back of the head, and that she saw Appellant shoot Victim three times. N.T., Trial, 12/10/14, at 88-100, 122. A third witness, who was at the scene but did not know Appellant well, also identified Appellant as the shooter. *Id.* at 35-43, 46-54. In addition, the Commonwealth introduced evidence that the bullets found at the scene of the shooting and in Victim's body and cartridge casings found at the scene were fired from the .45 caliber Glock that Allen Young turned over to the police on September 14, 2012. N.T., Trial, 12/11/14, at 17-29, 61-62.

With respect to the charges of aggravated assault, one of the two police officers who arrested Appellant testified that on September 28, 2012, they

pulled Appellant's car over for a traffic violation and learned that there was an outstanding warrant for his arrest for homicide. N.T., 12/11/14, at 76-83. The officer testified that when they tried to put handcuffs on Appellant, Appellant struggled, tackled the other officer, and tried to grab the officers' guns. *Id.* at 86-90. The recording of police officer's radio call for assistance was also played at trial. *Id.* at 95-96.

Following the jury's verdict, Appellant was sentenced on December 16, 2014 to life in prison for the murder conviction, consecutive terms of ten to twenty years for each of the aggravated assault convictions, and concurrent terms of imprisonment of three and one-half to seven years for carrying a firearm without a license and two and one-half to five years for possession of an instrument of crime. On October 18, 2016, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Waring***, 159 A.3d 45 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On June 27, 2017, Appellant filed timely ***pro se*** PCRA petitions in all three cases and counsel for Appellant subsequently filed amended PCRA petitions in each case. On March 11, 2019, the trial court issued notices pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petitions without a hearing on the ground that the issues that the PCRA petitions raised were without merit. Appellant filed responses to the trial court's Rule 907 notice. On April 11, 2019, the trial court entered orders dismissing Appellant's

PCRA petitions without a hearing.  Timely appeals were filed from all three

orders and these appeals were consolidated by this Court.[2]

Appellant presents the following issues for our review:

> 1. Did the PCRA court commit error of law in denying a new trial or evidentiary hearing where direct appeal counsel was ineffective for failing to raise a meritorious claim that the trial court abused its discretion in denying trial counsel's motion for mistrial due to the Commonwealth's introducing inadmissible prior crimes and bad acts evidence against Appellant?
>
> 2. Did the PCRA court commit error of law in denying a new trial or evidentiary hearing where direct appeal counsel was ineffective for failing to raise a meritorious claim that the trial court abused its discretion in denying both Appellant's motion for appointment of new counsel and trial counsel's motion to withdraw as counsel due to an actual breakdown in communication?

Appellant's Brief at 4 (unnecessary capitalization omitted).  Our review of the

trial court's dismissal of Appellant's PCRA petition is limited to determining

whether the court's decision is supported by the record and free of legal error.

*Commonwealth v. Staton*, 120 A.3d 277, 283 (Pa. 2015); *Commonwealth*

*v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

Both of Appellant's PCRA claims here are claims of ineffective assistance

of counsel by his direct appeal counsel.  To be entitled to relief under the PCRA

on a claim of ineffective assistance of counsel, the defendant must prove: (1)

---

[2] Appellant was represented by counsel when the notices of appeal were filed, but filed applications to proceed *pro se* in these appeals.  Following a remand and hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the trial court entered an order permitting Appellant to represent himself in these appeals.

that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's error. **Staton**, 120 A.3d at 283-84; **Commonwealth v. Miller**, 212 A.3d 1114, 1126 (Pa. Super. 2019); **Commonwealth v. Watley**, 153 A.3d 1034, 1040 (Pa. Super. 2016). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. **Miller**, 212 A.3d at 1126; **Watley**, 153 A.3d at 1040.

Both of Appellant's issues fail because he cannot show that appellate counsel's actions caused him prejudice. Where ineffective assistance of appellate counsel is claimed, the defendant must show that there is a reasonable probability that the outcome of the appeal would have been different but for counsel's deficient performance. **Staton**, 120 A.3d at 295; **Commonwealth v. Blakeney**, 108 A.3d 739, 750 (Pa. 2014).

With respect to Appellant's first issue, the only reference to prior crimes or bad acts of which Appellant complains was in the following testimony of James Burton:

Q. Do you know the defendant here, Maceo Waring?

A. Yes.

Q. Did you know him back in September of 2012?

A. Yes.

\*\*\*

Q. And had you been friends with him since middle school?

A. Yes.

Q. And when I say "friends," how often would you two do things together or hang out or stuff like that?

A. In our teenage years, we was pretty together -- we was pretty much together, like, every day. As we got older, we kind of, like, separated and come back to see each other here and there. It was several times he was incarcerated so I wasn't with him every day.

N.T., Trial, 12/9/14, at 63-64. Appellant's trial counsel immediately objected and the trial court struck that testimony and instructed the jury to disregard it. *Id.* at 64. Appellant's trial counsel also moved for a mistrial and the trial court, following argument at sidebar, denied the motion for a mistrial, but again instructed the jury to disregard the stricken testimony. *Id.* at 65, 84-86. Appellant's counsel in his direct appeal did not raise the failure to grant a mistrial as a ground for reversal.

Failure to grant a mistrial where a witness has mentioned the defendant's prior imprisonment or criminal history is not grounds for reversal of a criminal conviction where the mention is a mere isolated, passing reference that was neither intentionally elicited by the Commonwealth nor in violation of a court order in the case, particularly where the jury was instructed to disregard the statement. *Commonwealth v. Parker*, 957 A.2d 311, 319-20 (Pa. Super. 2008); *Commonwealth v. Kerrigan*, 920 A.2d 190, 199-200 (Pa. Super. 2007); *Commonwealth v. Guilford*, 861 A.2d 365, 370-71 (Pa. Super. 2004); *Commonwealth v. Valerio*, 712 A.2d 301, 303 (Pa. Super.

1998). None of the cases cited by Appellant holds or suggests that failure to grant a mistrial under those circumstances constitutes grounds for reversal. In *Commonwealth v. Clark*, 309 A.2d 589 (Pa. 1973), the only decision cited by Appellant that reversed a conviction based on evidence of prior imprisonment or criminal record, the statement was admitted in evidence and no cautionary instruction was given.

Here, Burton's mention of Appellant's incarceration was a single, isolated statement and Appellant's incarceration was never mentioned again in the jury's presence during the trial. The trial court struck the statement and gave cautionary instructions that the jury was to disregard the statement. N.T., Trial, 12/9/14, at 64, 86. There is no claim that the Commonwealth intentionally brought out the fact that Appellant had previously been in prison or that there was any pre-trial order barring mention of Appellant's prior imprisonment. Given these facts, litigation of the trial court's denial of Appellant's motion for a mistrial on direct appeal would not have resulted in reversal of Appellant's convictions. *Parker*, 957 A.2d at 319-20; *Kerrigan*, 920 A.2d at 199-200; *Guilford*, 861 A.2d at 370-71; *Valerio*, 712 A.2d at 303. Appellate counsel's failure to raise this issue therefore did not prejudice Appellant and cannot constitute grounds for relief under the PCRA. *Staton*, 120 A.3d at 295; *Blakeney*, 108 A.3d at 750.

Appellant's second issue likewise fails. Appellant's request for new trial counsel was made on the first day of trial. N.T., Motion Hearing, 12/9/14, at

3-10. Appellant had already changed counsel twice before and trial counsel asked to withdraw because Appellant's mother made an accusation against him. Docket Entries, 2/26/13, 1/24/14; N.T., Motion Hearing, 12/9/14, at 3-7. The trial court, after a hearing that included testimony from Appellant's mother and trial counsel's denial of her accusation, found that Appellant's mother's accusation was false and denied the requests on the ground that a change in counsel would delay trial. N.T., Motion Hearing, 12/9/14, at 3-14. Trial then proceeded and trial counsel represented Appellant throughout the trial. Appellant does not contend in this appeal that trial counsel's representation was deficient.

The right to appointed counsel does not include a right to counsel of the defendant's choosing. *Commonwealth v. Philistin*, 53 A.3d 1, 16 (Pa. 2012); *Commonwealth v. Albrecht*, 720 A.2d 693, 709 (Pa. 1998); *Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa. Super. 2007). *See also* Pa.R.Crim.P. Rule 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons"). Whether to grant a defendant's request for appointment of new counsel is a matter committed to the trial court's discretion. *Floyd*, 937 A.2d at 497; *Commonwealth v. Ingram*, 591 A.2d 734, 738 (Pa. Super. 1991). Where, as here, there is no dispute that trial counsel is fully prepared to proceed with trial and is competent, appointment of new counsel is required only where irreconcilable differences between the defendant and his counsel

are shown. *Floyd*, 937 A.2d at 497; *Ingram*, 591 A.2d at 738. Neither a strained relationship between the defendant and trial counsel nor a claim by the defendant that he lacks confidence in or is dissatisfied with trial counsel requires the trial court to grant a request for new counsel. *Floyd*, 937 A.2d at 497-500; *Ingram*, 591 A.2d at 738; *Commonwealth v. Knapp*, 542 A.2d 546, 549 (Pa. Super. 1988). Denial of a request to change counsel where there is no claim of irreconcilable differences is not grounds for reversing the defendant's conviction where the request is made just before trial and would delay trial, even where the defendant is refusing to communicate with his counsel and disagrees with his counsel's legal advice. *Commonwealth v. Broitman*, 217 A.3d 297, 299-301 (Pa. Super. 2019); *Floyd*, 937 A.2d at 496-500; *Ingram*, 591 A.2d at 738.

Here, the record showed at most only that Appellant and his mother were dissatisfied with trial counsel and that Appellant chose to not cooperate with trial counsel during jury selection. N.T., Motion Hearing, 12/9/14, at 5-12. No irreconcilable conflict was shown or alleged; indeed, there is no claim by Appellant in his brief of any disagreement between trial counsel and Appellant concerning trial strategy. Moreover, the trial court found that the accusation made against trial counsel was false and that changing counsel would delay the trial. *Id.* at 7, 13-14. Because only dissatisfaction with trial counsel and unilateral lack of cooperation by Appellant with his counsel were shown, the trial court's denial of the request for appointment of new counsel

and denial of trial counsel's request to withdraw were not a reversible abuse of discretion. **Broitman**, 217 A.3d at 299-301; **Floyd**, 937 A.2d at 496-500; **Ingram**, 591 A.2d at 738; **Knapp**, 542 A.2d at 549. Accordingly, raising this issue would not have resulted in reversal of Appellant's convictions and Appellant cannot show that he was prejudiced by appellate counsel's failure to do so. **Staton**, 120 A.3d at 295; **Blakeney**, 108 A.3d at 750.[3]

For the foregoing reasons, we conclude that the trial court correctly held that Appellant's claims of ineffective assistance of counsel were without merit. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

---

[3] Appellant also argues in his brief that the cumulative effect of the two alleged deficiencies entitles him to relief. Appellant did not raise cumulative error as an issue in his PCRA petition or in his statement of issues and it is therefore waived. Moreover, even if Appellant had preserved this argument, it is without merit. As discussed above, neither of the issues that Appellant claims that appellate counsel should have raised constituted grounds for reversal of his convictions. Multiple meritless claims of ineffective assistance do not collectively warrant relief that they are insufficient to support individually. **Staton**, 120 A.3d at 295. The cases cited by Appellant are not to the contrary. Rather, they involve the combined effect of evidence or errors on a jury's verdict, not unrelated insufficient appellate issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/06/2020